[Cite as *State v. Hill*, **2011-Ohio-2647**.]

STATE OF OHIO, NOBLE COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | CASE NO.   10 NO 379 |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| - VS - | ) | O P I N I O N |
| | ) | |
| HEATHER HILL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:    Criminal Appeal from Common Pleas
                             Court, Case No. 209-2044.

JUDGMENT:                    Affirmed.

APPEARANCES:
For Plaintiff-Appellee:      Attorney Clifford Sickler
                             Prosecuting Attorney
                             508 North Street
                             Caldwell, Ohio  43724

For Defendant-Appellant:     Attorney Chandra Ontko
                             665 Southgate Parkway
                             Cambridge, Ohio  43725

JUDGES:
Hon. Joseph J. Vukovich
Hon. Cheryl L. Waite
Hon. Mary DeGenaro

                             Dated:  May 25, 2011

VUKOVICH, J.

¶{1}   Defendant-appellant Heather Hill appeals after being sentenced by the Noble County Common Pleas Court.  She raises ineffective assistance of counsel, alleging that her attorney failed to send her a copy of the court's entry from the plea hearing in a timely manner.  She states that had she received this entry earlier, she could have followed the court's instructions on restitution and thus would have been permitted to have her guilty plea to a felony changed to a misdemeanor.  As her attorney did eventually provide her with a copy of the court's entry more than five weeks before the scheduled compliance hearing, we find this argument to lack merit, and we thus affirm the judgment of the trial court.

STATEMENT OF THE CASE

¶{2}   On August 5, 2009, appellant, who had just turned eighteen, was involved with three others in breaking into a Caldwell residence.  She was indicted for theft, burglary, breaking and entering, and criminal damaging.  On January 15, 2010, she entered a guilty plea to breaking and entering, a fifth degree felony, and to criminal damaging, a second degree misdemeanor.  No written plea agreement was filed. While stating the plea on the record, the prosecutor disclosed:

¶{3}   "And, the state would have her complete a variety of items such as restitution, some type of community service imposed by the Court and counseling and some form of drug testing.  Which community service might be, if it can be worked out, the clean up and restoration of damages done to the victim's residence.   The restitution being approximately 16 hundred total at this time according to the current figures.  The State would expect at some point that if Ms. Hill is compliant with all of the court's orders in this regard to permit the Defendant to withdraw her breaking and entering plea and then plead to a criminal trespass.  And that is, it's an attempt to do global restitution for all four Defendants who are young people involved in this matter." (Tr. 1).

¶{4}   After the court engaged in a plea colloquy with appellant, the court announced:

¶{5}   "I'm going to withhold the court's finding at this point with respect to guilt and I'm going to continue the matter, probably we need a date from our assignment

commissioner. Under the plea agreement we're going to be coming back here at a later date to review this matter with the understanding that the Defendant may very well have an opportunity to withdraw the guilty plea to the felony. In the interim, the court's going to order that the Defendant enroll in and meaningfully participate in a substance abuse program at Noble Behavioral Health Choices and submit herself to reasonable, or I should say, random drug screens [until the July 9, 2010 hearing]. * * *" (Tr. 6-7).

¶{6} "Now Ms. Hill understand that in the interim the Court's going to expect that you certainly don't violate any other laws in the State of Ohio. The Court is probably going to look more favorably upon a request to withdraw the plea if in fact restitution has been made in full and by that I mean, my understanding is there was a fair amount of damage to the property in question. My understanding is that perhaps most of the stuff that hasn't been damaged has been returned, but the court is going to expect that the victim in this matter will be what we call made whole, placed back essentially in the same position that the victim was in before this matter got to where it got to. And, we'll just simply continue terms and conditions of bail." (Tr. 8).

¶{7} In the January 22, 2010 entry memorializing this hearing, the court noted that it was withholding its findings of guilt on appellant's guilty pleas to breaking and entering and criminal damaging pending a July 9 hearing. The entry stated that appellant was expected not to violate any laws, to obey the terms and conditions of bail, and to commence restitution to the victim with joint and several liability for restitution in the amount of $1,600.

¶{8} A very brief hearing was then held on July 9, 2010, where the court declared:

¶{9} "My understanding is that through a plea agreement if the Defendant was to do certain things the, and one of them being make restitution, make the victim whole that I believe the Defendant was going to be given an opportunity to withdraw the plea of guilty to the felony and then we would proceed solely on the misdemeanor. Is that essentially what the plea agreement [was]?" (Tr. 1).

¶{10} Both attorneys answered in the affirmative. When the court asked if restitution had been made, appellant's attorney stated that it had not but that she could provide $450 out of the $500 in bail money toward restitution. (Tr. 1-2). The court

noted that the total amount was $1,600. The court then made a finding of guilt, ordered a presentence investigation, and set the case for sentencing. (Tr. 2).

¶{11} The next event was the August 24, 2010 sentencing hearing. By this time, restitution had been paid in full. Appellant's attorney noted that, pursuant to the plea, if restitution was made, then the indictment would be amended to a misdemeanor. (Tr. 1). He noted that at the time of the prior hearing, only one of the defendants had "attempted to pay" $200. (Tr. 1-2). Appellant's attorney then disclosed:

¶{12} "Unfortunately Ms. Hill did try to contact my office on several occasions and it appears that due to the neglect of my office an entry from the January hearing was not sent to her until, what my records indicate, June 1st, 2010. That would have been to a certain extent her first knowledge that the 16 hundred dollars would have to be due and owing." (Tr. 2).

¶{13} Counsel asked for the mercy of the court but did not seek to withdraw the plea to the felony. In exercising her right to allocution, appellant apologized and asked that she be allowed to proceed under the plea agreement and to withdraw her plea to the felony. She expressed that her attorney did not represent her adequately as he did not communicate the court's wishes to her, noting that it took four months for her to receive the court's judgment entry. (Tr. 2). She stated that she was active in getting counseling and that she would have paid the restitution sooner if she knew this was the court's requirement. (Tr. 3). (It is noteworthy here to mention that none of these claims were presented at the July 9 hearing, which was held specifically for the purpose of determining whether this young defendant could be reformed enough to deserve leniency and forgiveness.)

¶{14} The court denied appellant's request and proceeded to sentence her to sixty days in jail, five years of community control, one hundred hours of community service, and $1,600 in restitution. The within timely appeal followed.

ASSIGNMENT OF ERROR

¶{15} Appellant's sole assignment of error provides:

¶{16} "THE APPELLANT HAS A CLAIM FOR INEFFECTIVE ASSISTANCE OF COUNSEL AS APPELLANT'S COUNSEL FAILED TO SEND AN ENTRY TO

APPELLANT AND RESPOND TO HER IN A TIMELY MANNER, AND HAD DEFENSE COUNSEL RESPONDED, APPELLANT WOULD HAVE WITHDRAWN HER GUILTY PLEA."

¶{17} Appellant relies on her trial counsel's statements to the court that she attempted to contact his office on several occasions and that he neglected to send her the court's January 22, 2010 entry until June 1, 2010. She concludes that her attorney's inaction constituted ineffective assistance of counsel and that she was prejudiced because but for her attorney's inadequacies, she would have paid restitution sooner and been permitted to have her guilty plea to the felony amended to a misdemeanor pursuant to the plea agreement.

¶{18} Notably, appellant was not seeking actual plea withdrawal under Crim.R. 32.1.[1] That is, Crim.R. 32.1 is utilized to withdraw an entire plea and put the defendant back into the same position occupied before the plea. Here, that would mean that the four-count indictment would be revived and that she would stand trial on all charges or would attempt to renegotiate a plea.

¶{19} This is not what appellant sought. Rather, she was asking that her felony charge of breaking and entering be amended to misdemeanor criminal trespass notwithstanding her guilty plea to the felony. The reason for this plea request was not because the plea was involuntary, unknowing, or unintelligent or because she was innocent. Rather, she essentially sought forgiveness for breaching the terms of a plea agreement required in order to seek extra leniency.

¶{20} However, she attended the January 15, 2010 plea hearing. She heard the state request that she pay restitution and recite that the state would have no objection to leniency in plea amendment if she complied with all of the court's orders pending the compliance hearing. She was orally advised by the court that amendment

---

[1]A presentence motion to withdraw a guilty plea should be freely and liberally granted. *State v. Xie* (1992), 62 Ohio St.3d 521, 527. However, the decision rests within the sound discretion of the trial court. Id. at 526. The following factors are considered: whether the state would be prejudiced by withdrawal; the representation afforded to the defendant; the extent of the Crim.R. 11 plea hearing; whether the defendant understood the nature of the charges and potential sentences; the extent of the hearing on the motion to withdraw; whether the trial court gave full and fair consideration to the motion; whether the timing of the motion was reasonable; the reasons for the motion; and whether the accused was perhaps not guilty or had a complete defense to the charge. See, e.g., *State v. Thomas* (Dec. 17, 1998), 7th Dist. Nos. 96CA223, 96CA225, 96CA226.

from a felony was more likely if she paid restitution in full before the compliance hearing.

¶{21} As she had provided absolutely no restitution by the time of the July 9 hearing, the court could rationally proceed to make a finding of guilt pursuant to her guilty plea and to later find that her opportunity to have a felony changed to a misdemeanor had passed by the time of her August 24 sentencing when she first raised the issue. As the court had advised her, amendment would have been discretionary in any event. That is, the court stated at the January 15 hearing, she "may very well have an opportunity to withdraw the guilty plea to the felony." (Tr. 7).

¶{22} Thus, there was no duty upon the court to change the felony breaking and entering charge to misdemeanor criminal trespass where restitution was not paid until an unknown time after the deadline. In fact, it appears that she may have waited until the day of the sentencing hearing to pay restitution as the docket shows that two other defendants paid restitution on this date and her attorney implied that the entire amount was paid at once. In any case, appellant raises ineffective assistance of counsel here, not error of the court.

¶{23} In claiming ineffective assistance of counsel, appellant must satisfy a two-prong test. *Strickland v. Washington* (1984), 466 U.S. 668, 687, 104; *State v. Bradley* (1989), 42 Ohio St.3d 136, paragraph two of syllabus. First, counsel's performance must have been deficient. Id. Second, the deficient performance must have prejudiced the defense, meaning that but for the deficiency, the result would have been different. Id.

¶{24} Although her attorney allegedly failed to provide her with the January entry until June 1, nothing at the compliance hearing indicated that she did not commence restitution due to the failure to receive the court's entry earlier. Even at the later sentencing hearing where counsel first noted that she was not provided with the entry until June 1, there is no indication that she was not verbally advised by counsel how she should proceed in order to increase the odds of the court amending her felony plea to a misdemeanor. Regardless, when her attorney provided her with a copy of the entry, she still had more than five weeks to comply with its terms and to at least commence restitution. However, she did not do so prior to the compliance hearing. Thus, we cannot say that "but for" her attorney's late sending of the entry,

appellant would have paid or at least commenced restitution before the July 9 hearing. As such, this assignment of error is overruled.

¶{25} For the foregoing reasons, the judgment of the trial court is hereby affirmed.

Waite, P.J., concurs.
DeGenaro, J., concurs.